

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

August 13, 1947

Hon. Ney Sheridan, Jr.,     Opinion No. V-338
County Attorney,
Nolan County,              Re:  Authority to levy
Sweetwater, Texas               a tax for Trent Road
                                District No. 1 under
                                S. B. 375, 50th Legis-
                                lature, 1947.

Dear Mr. Sheridan:

        Your recent request for an opinion of this of-
fice relative to Senate Bill No. 375, Acts of the 50th
Legislature, 1947, reads in part as follows:

        "An opinion is requested as to whether
    or not a tax may be levied by said Road Dis-
    trict without first having a bond issue e-
    lection as provided in Article III, Section
    52, of the Constitution of the State of Texas.

        ". . . an opinion is requested as to
    whether or not Art. VIII, Sec. 9 of the Con-
    stitution limits the amount that may be lev-
    ied to 15¢ without first having an election
    for an additional 15¢ as provided in said por-
    tion of the constitution.

        "It is also my opinion under the inter-
    pretation of Art. III, Sec. 52 and Art. VIII,
    Sec. 9 of the Constitution and the holding of
    the Court in Commissioners' Court of Navarro
    County v. Pinkston that the subject S. B. 375
    is unconstitutional on the ground that it pro-
    vides for a method of taxation and financing
    of the road district contrary to the two cited
    sections of the constitution and contains no
    saving clause that would permit the ignoring
    of Sec. 4 of said S. B. 375."

        Senate Bill No. 375, Acts of the 50th Legisla-
ture, 1947, reads in part as follows:

        "Section 1.  There is hereby created and
    established, and made a political subdivision

of this state under and by virtue of Article
III, Section 52 of the Constitution of the
State of Texas, a defined road district to
be known and designated as the 'Trent Road
District No. 1 in Taylor, Jones, Fisher and
Nolan Counties,' composed of adjacent and
contiguous parts of Taylor, Jones, Fisher
and Nolan counties, within the State of Texas
. . .

"Sec. 2.  The Commissioners Courts of
the four counties of which this District is
a part shall constitute a Board of Directors
for managing the affairs of said Road Dis-
trict. . .

"Sec. 3.  It shall be the duty of said
Board. . . to levy taxes for said purposes
within the limits of the constitution and
laws of this state and of this Act.

"Sec. 4.  Taxes within the limitations
provided by the constitution may be levied,
assessed and collected for the said road pur-
poses, provided that the taxes for such road
purposes shall be uniform throughout said Dis-
trict, and shall be levied in the following
manner:

"The said Commissioners Courts of said
four counties acting as the Board of Direc-
tors of said Road District shall fix the said
rate of taxation which said rate shall be
applied uniformly to the portions of said Dis-
trict lying in said respective counties, and
said rate shall never exceed in any of said
counties the maximum rate allowed by the con-
stitution and laws of this state.  The Com-
missioners Courts of the said respective coun-
ties shall thereafter, levy said tax at the
rate so fixed upon all property situated with-
in said county and within that portion of said
Road District lying within such county."

The Bill contemplates that the Board of Direc-
tors of the Road District shall fix the rate of taxation
and each Commissioners' Court of the four counties within
the Road District shall levy the tax without an election
upon all property within their respective counties, re-
gardless of whether such property is located within the

Road District or not.

Article III, Section 52, Constitution of the State of Texas, reads in part as follows:

"... provided, however, that under legislative provision any county, any political subdivision of a county, any number of adjoining counties, or any political subdivision of the State, or any defined district now or hereafter to be described and defined within the State of Texas, and which may or may not include, towns, villages or municipal corporations, upon a vote of a two thirds majority of the resident property taxpayers voting thereon who are qualified electors of such district or territory to be affected thereby, in addition to all other debts, may issue bonds or otherwise lend its credit in any amount not to exceed one-fourth of the assessed valuation of the real property of such district or territory, except that the total bonded indebtedness of any city or town shall never exceed the limits imposed by other provisions of this Constitution, and levy and collect such taxes to pay the interest thereon and provide a sinking fund for the redemption thereof, as the Legislature may authorize ..."

Article VIII, Section 9, Constitution of the State of Texas, provides in part:

"... and no county ... shall levy more than twenty-five (25) cents for .... county purposes, and not exceeding fifteen cents for roads and bridges ... on the one hundred dollars valuation."

As the Bill does not authorize an election for the issuance of bonds, the counties cannot levy the tax provided for in Article III, Section 52 of the Constitution. Nor is it believed that the counties can levy the 15¢ on the $100 valuation provided for in Article VIII, Section 9 of the Constitution, on all property within the county to be used for the benefit of only a part of said county and parts of three other counties. The Constitution authorizes counties to levy this 15¢ assessment on

the $100 valuation for roads and bridges and it is our
interpretation that this means for reads and bridges
within the entire county and is net an authorization
for the county to make such assessment and then allow
the same to be collected and used by a Road District
composed of parts of four counties.  Nor can the Leg-
islature validly give such authority to a county.  In
Carroll v. Williams, 109 Tex. 155, 202 S.W. 504, Judge
Hawkins, speaking for the Supreme Court of this State,
said:

> "By necessary implication said provi-
> sions of section 9, article 8, were designed,
> not merely to limit the tax rate for certain
> therein designated purposes, but to require
> that any and all money raised by taxation
> for any such purpose shall be applied, faith-
> fully, to that particular purpose, as needed
> therefor, and not to any other purpose or use
> whatsoever."

Section 4 of the Bill authorizes only those
taxes to be levied, assessed and collected as are within
the limitations provided by the Constitution.  As there
are no taxes which can be constitutionally levied in the
manner set out in the Bill within the limitations pro-
vided by the Constitution, no taxes may be levied, assess-
ed or collected.  It is therefore the opinion of this De-
partment that the manner of taxation set out in Section 4
of said Bill is void.

In answer to your request for an opinion as to
whether or not Article VIII, Section 9 of the Constitution
limits the amount that may be assessed upon the $100 valu-
ation for road and bridge purposes without first having
an election, you are advised that an assessment of taxes
by a county for road and bridge purposes greater than 15¢
on the $100 valuation without an election as provided for
therein is not authorized by said Section and Article of
the Constitution and would therefore be void.

It has come to our attention that the argument
has been advanced that since S. B. 375 was prepared by
this office, the same is constitutional.  Our office put
this legislative proposal in legal form just as it did
hundreds of bills during the 50th Legislature.  This was
done with the specific understanding that this office did
not thereby pass upon or approve the merits or constitu-
tionality of such measures.  In this case, as in all others

requiring the writing of bills, the requesting legislator signified his understanding of the following rule at the time of making the request:

"It is understood that preparation of this proposed draft is no indication whatever that its substance, policy or constitutionality is approved or passed on by the Attorney General's office."

### SUMMARY

1.  S. B. No. 375, Acts of the 50th Leg., 1947, purporting to establish "Trent Road District No. 1 in Taylor, Jones, Fisher and Nolan Counties" does not provide a valid method to levy taxes to support such district under Article III, Sec. 52, of the Constitution of the State of Texas.

2.  Under Article VIII, Sec. 9, Constitution of the State of Texas, a county cannot legally assess a tax greater than 15¢ on the $100.00 valuation for road and bridge purposes without first having an election as provided for therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Burnell Waldrep
    Assistant

BW:wb;jt;djm

APPROVED:

ATTORNEY GENERAL